C07 02918 HRL

FeesPd
SI
ADR

WILLIAM D. ANDREWS
932 COLLEGE DR.
SAN JOSE, CA 95128-3610
PH 408-289-9721 CL 408-835-0422

FILED

2007 JUN -5 P 2: 13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

I AM REQUESTING IMMEDIATE RELIEF FROM THE DENIAL AND REPRESSION OF MYSELF AND MY FAMILY'S MAJOR LIFE ACTIVITIES. THE JEFFERSON COUNTY COLORADO DEPARTMENT OF HUMAN SERVICES CHILDREN, YOUTH AND FAMILIES DIVISION HAS FAILED TO IMPLEMENT THE FINDINGS OF CONGRESS CONCERNING CHILDREN, YOUTH AND FAMILIES. COLORADO'S LEGISLATIVE DECLARATION ALONG WITH COLORADO'S CHILDREN'S CODE HAVE BEEN IGNORED AND VIOLATED REPEATEDLY IN THE CASE OF MY FAMILY OVER THE LAST TWO AND ONE HALF YEARS. NETHER THE HUMAN SERVICE CODE OF RULES NOR THE VOLUME OF CHILD WELFARE SERVICES (12CCR 2509-4) HAVE PRODUCED ANY REASON TO DENY ME MY CHILDREN. NUMEROUS ATTEMPTS TO DENY MY PARENTAL RIGHTS HAVE FOUND NOTHING BUT SILENCE AND SPECULATION AND NO VALID CHARGES.
ALL VALID CHARGES HAD BEEN AGAINST THE MOTHER YEARS AGO.

FOR OVER TWO AND ONE HALF YEARS COLORADO HAS BROUGHT NUMEROUS DELAYS AND POSTPONEMENTS WITH SPECULATION CHARGES AGAINST ME IN AN ATTEMPT TO PROLONG THE INCARCERATION OF MY CHILDREN IN FOSTER CARE AND COLORADO CONTROL. THIS HAS RESULTED IN ENDANGERMENT TO MY CHILDREN AND PHYSICAL ASSAULTS FROM BOTH ADULTS AND YOUTH INSIDE AND OUTSIDE THEIR CARE HOMES. SEXUAL ASSAULTS, VERBAL ASSAULTS AND MENTAL STRESS HAVE BEEN A PART OF THEIR DAILY LIFE. SMUGGLED LETTERS TO MYSELF AND MY DAUGHTER AND SECRET-E-MAILS WITH COVERT PHONE CALLS HAVE BEEN A WAY OF COMMUNICATION WITH MY CHILDREN. THIS IS CONTRARY TO THE WRITTEN LAW. BLATANT LIES HAVE BEEN COMMON.

I AM REQUESTING IMMEDIATE EMERGENCY PLACEMENT OF MY CHILDREN INTO MY CUSTODY. I AM REQUESTING AN IMMEDIATE JURY TRIAL SINCE THERE IS A PAPER TRAIL OF LIES, TWISTED REPORTS, AND TOTAL ABSENCE OF ANY FACTS TO RETAIN MY CHILDREN OTHER THAN A MONETARY CLAIM FOR THIS AGENCY AND A STATED PSCHYCOLOGICAL DIFFERENCE WITH ME. SERIOUS MENTAL CHANGES HAVE ALREADY OCCURRED AND THE DAMAGE CAN ACCELERATE THROUGH ALL FIVE OF MY CHILDREN.

ALL CHARGES AGAINST ME HAVE BEEN MADE IN AN EFFORT TO KEEP MY CHILDREN. NOT TO REUNITE THEM WITH ME. THE PURPOSE OF LAW HAS BEEN AND IS BEING MANIPULATED. IMMEDIATE CORRECTION IS METE.

THANKS

*Wm D. Andrews*

18

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

1

1. William D. Andrews
2. 932 College Dr.
3. San Jose, Ca 95128
4. Ph.408-289-9721- Cl.408-835-0422
5. DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY
6. COLORADO DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH
7. AND FAMILIES
8. HUMAN RESOURCE CHILDREN CODE VIOLATIONS. 1. <u>CHARGE</u>
9. <u>UNLAWFUL RETENTION OF MY CHILDREN</u>.CODE * 26-5.3-102(C),
10. (D), *26-5-3104(2), 26-5-106(1.5)*26-5.3-106(2) B*26-5-102 (F)*(G) 26-5.5-
11. 104-(2A, 3B)*SPECIFICALLY ** FAILURE TO IMPLEMENT FIRST PRIORITY
12. REUNITE MY CHILDREN WITH ME THEIR FATHER AND AVOID OUT OF HOME
13. PLACEMENT AS MUCH AS POSSIBLE. 2. <u>CHARGE VIOLATION</u> CODE 26-5.3-
14. 102(D)*26-5.3-114 (1), (2)*26-5.3-105(1C)(3A)*26-5.3-106(1.5) AN EMERGENCY
15. EXISTED WHEN MY CHILDREN WERE PICKED UP FROM THEIR MOTHER. AFTER I
16. THE FATHER WAS NOTIFIED THAT MY CHILDREN WOULD BE RETURNED TO ME
17. AFTER COURT REVIEW, THERE WAS NO MORE EMERGENCY. COLORADO HUMAN
18. RESOURCE STATEMENTS CREATED THE ONLY FUTURE EMERGENCIES AND
19. RETENTION. THE INITIAL REQUESTED CALIFORNIA HOME STUDY
20. REPORT VERIFIED THIS. 3. <u>CHARGE VIOLATION</u> CODE 26-5.5-102(A), (B), (D) **
21. SPECIFICALLY STATED, OVER INVOLVEMENT WITH UNNECESSARY,
22. UNWARRANTED AND UNSUBSTANTIATED RETENTION OF MY CHILDREN. THE

1

23. GREATEST DEGREE OF FAMILY STRUCTURE WAS NOT FOLLOWED. THE MOST
24. EXPENSIVE AND DISRUPTIVE METHOD WAS USED AND VIGOROUSLY PURSUED BY
25. HUMAN RESOURCE AGENCY. 4. <u>CHARGE HUMAN RESOURCE CHILDREN CODE
26. VIOLATION</u> CODE * 26-5=102 (1F), (2) * THIS SECTION HAS BEEN
27. PARTICULARLY VIOLATED IN SEEKING TO PERSUADE MY CHILDREN TO CHANGE
28. THEIR MIND ABOUT RETURNING HOME. MY CHILDREN HAVE BEEN MENTALLY
29. HARMED BY THESE EFFORTS, ESPECIALLY SINCE THESE EFFORTS HAVE
30. INCLUDED MANY SLANTED ACCUSATIONS AGAINST MYSELF THE CHILDREN'S
31. PARENT. THIS SECTION HAS BEEN REPEATEDLY IMPLEMENTED BY USING THE
32. GUIDELINE THAT CHILDREN OVER TWELVE YEARS OLD MUST BE PERSUADED TO
33. AGREE OR SAY YES TO THE HUMAN RESOURCE PROPOSALS. WHY IS THIS
34. BRAINWASHING TECHNIQUE ALLOWED? 5. <u>CHARGE VIOLATION</u> CODE 26-5.5-
35. 104 (1) ** SPECIFICALLY STATED; VIOLATION OF THE LEGISLATIVE
36. DECLARATION AND FAILURE TO USE FEDERAL FUNDS CONSISTENT TO
37. IMPLEMENT TOWARD A FAMILY PRESERVATION PROGRAM WITH APPLICABLE
38. FEDERAL MANDATES. THIS WOULD INCLUDE RESTORING THE CHILDREN TO
39. MYSELF THE FATHER AS A REUNITED FAMILY. 6. <u>CHARGE VIOLATION OF THE
40. LAWS OF TRUTH AND JUSTICE</u>. ATTEMPTING TO COVER THEIR ACTIONS WHEN
41. CHALLENGED BY MYSELF THE FATHER BY CHARGING ME WITH UNTRUE ACTS
42. IN THE REPORTS SUBMITTED TO THE COURTS TO PROVIDE PROOF OF THEIR
43. RECOMMENDATION *** PER ABANDONED MY CHILDREN, SUBJECTED MY
44. CHILDREN TO ABUSE AND MISTREATMENT, SUFFERED AND ALLOWED ANOTHER

2

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

45. TO MISTREAT AND ABUSE MY CHILDREN WITHOUT TAKING LAWFUL MEANS TO
46. STOP SUCH AND TO PREVENT IT IN THE FUTURE. LACK OF PROVIDING PROPER
47. PARENTAL CARE, FAILURE TO PROVIDE EDUCATION, MEDICAL CARE AND OTHER
48. NECESSARY CARE. IT IS MY UNDERSTANDING THAT ONCE THESE CHARGES ARE
49. LABELED IN THE COURT, WHETHER GUILTY OR NOT, THEY WILL NEVER LEAVE
50. MY RECORD AND WILL FOLLOW ME EVERYWHERE I GO UNTIL DEATH. 7.
51. CHARGE VIOLATION CODE 26-5.3-102 (B), 26-5.5-104 (3B) SPECIFICALLY
52. STATED ** FAILURE TO PROVIDE ADEQUATELY AS TO MY CHILDREN'S
53. CULTURAL AND ETHNIC BACKGROUND. THIS HAS RESULTED IN MY CHILDREN
54. BEING SUBJECTED TO GREAT VERBAL ABUSE. THIS HAS INVOLVED BOTH THE
55. HOME PLACEMENT AND THE SCHOOLS ATTENDED. FAILURE TO CURB THESE
56. ATTACKS WOULD BE CONSIDERED A HATE CRIME IN CALIFORNIA. THE
57. CHILDREN MUST NOW BRING BACK TO ME THE FATHER A LEGACY OF BEING
58. CITED FOR SPEAKING THEIR CULTURE. THREE OF MY CHILDREN HAVE BEGUN
59. SHOWING ANGER, RESENTMENT, AND VIOLENCE IN DEFENDING THEMSELVES
60. AGAINST RACIAL OPPOSITION. SCHOOL SUSPENSIONS AND OTHER DISCIPLINARY
61. ACTIONS HAVE BEEN TAKEN AGAINST MY CHILDREN BECAUSE OF THIS FAILURE.
62. THIS TREATMENT IN SUCH A SHORT TIME IS SERIOUS AND LIFE SCARRING. 8.
63. CHARGE ** WAGING A PSYCHOLOGICAL ATTACK AGAINST ME THE FATHER IN
64. AN ATTEMPT TO SHIFT THE BLAME IN THEIR FAILING EFFORTS AND TO MAKE ME
65. THE FATHER LOOK LIKE AN UNFIT PARENT. THE HUMAN SERVICE REPORTS
66. HAVE USED THESE THOUGHTS TO ATTEMPT TO VILIFY ME THE FATHER.

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

67. INFERENCE OF INABILITY TO UNDERSTAND ** MENTAL ABUSE ** AGE

68. DISCRIMINATION ** CHILD ABUSE ** SPOUSAL ABUSE ** FEAR ** PHYSICAL **

69. MALTREATMENT ** DENIAL ** VERBAL DISCIPLINE ** ABANDONED **

70. INJURIOUS ** NOT TAKING RESPONSIBILITY ** YELLING ** HEALTH PROBLEMS

71. ** MAY NOT BE ABLE TO CARE FOR MY CHILDREN AND SEVERAL OTHER KEY

72. WORDS. IN ADDITION SEVERAL POLICE CALLS TO A FORMER ADDRESS OF ME

73. THE FATHER HAS BEEN USED AGAINST ME THE FATHER WITHOUT VERIFYING

74. WHO WAS LIVING AT THAT RESIDENCE AT THAT TIME OR WHERE MYSELF THE

75. FATHER WAS DURING THOSE MONTHS. 9, CHARGE VIOLATION CODE 26-5.3-105

76. (2) * JEFFERSON COUNTY HUMAN SERVICES DID NOT SEEK TO RETURN MY

77. CHILDREN TO ME THE FATHER BUT FOLLOWED A PATTERN THAT THEY MIGHT

78. RECEIVE THE AID, FEDERAL AND OTHERWISE THAT WAS AVAILABLE TO THE

79. COUNTY IF THEY KEPT MY CHILDREN. THESE VIOLATIONS ARE FROM THE

80. HUMAN SERVICE CODE, WHICH IS THE SAME ACROSS THE COUNTRY. CAN A

81. SOLDIER REBEL AND STAY IN THE ARMY? CAN A POLICEMAN REBEL AND

82. REMAIN ON THE FORCE? CAN A HUMAN RESOURCE AGENCY REBEL AGAINST ITS

83. OWN GUIDELINES AND REMAIN AN ENFORCER OF THE STATE AND FEDERAL

84. LAWS?

85. AS YOU READ **** CONSIDER THAT EVERY CHARGE AGAINSTME THE FATHER

86. HAS BEEN MADE IN AN EFFORT BY COLORADO TO KEEP MY CHILDREN AND NOT

87. GIVE THEM TO ME. EVERY VALID CHARGE IN COLORADO AND CALIFORNIA IS

88. AGAINST THE MOTHER. I, THE FATHER HAVE BEEN ADVISED THAT NO MATTER

4

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

89. WHAT I DO, MY CHILDREN WERE TARGETED TO BE ADOPTED OUT. THE

90. PAPERWORK SUPPORTS THIS WITH A STATEMENT THAT THIS IS THE ONLY HOPE

91. FOR MY FAMILY STABILITY. NON-RELATIVE ADOPTION. IN A STATE NOTED FOR

92. MULTIPLE MARRIAGES AND CHILD BRIDES, THIS DISDAIN FOR THE LAW AND

93. DISRESPECT FOR MYSELF AND MY FAMILY THAT DARES TO QUESTION THEM AND

94. A CONSTANT PUSH FOR ADOPTION WITHOUT VALID GROUNDS SHOULD BE

95. GROUNDS FOR AN INVESTIGATION INTO EVERY ADOPTION IN THIS STATE AND A

96. TRACKING SYSTEM THAT WOULD FOLLOW EVERY ADOPTED PERSON UNTIL THE

97. AGE OF EIGHTEEN. THIS IS THE SAME AGE THAT A PARENT IS HELD LIABLE.

98. <u>MY FAMILY CIVIL RIGHTS LAW SUIT \*\*\*\* DENIAL OF SEVERAL MAJOR LIFE</u>

99. <u>ACTIVITIES. AS THEY RELATE TO MYSELF AND MY CHILDREN ESPECIALLY.</u>

100.    1. <u>DENIAL OF PARENTAL RIGHTS TO RAISE MY CHILDREN</u> \*\* I HAVE A

101.    FUNDAMENTAL AND CONSTITUTIONAL RIGHT TO THE CUSTODY OF MY

102.    CHILDREN \* BOSWELL V. BOSWELL 352 MD. 204,721 A.2D662 (1998)

103.    MATTER OF PATERNITY OF VAINIO, 284 MONT.229, 943 P.2D1282 (1997)

104.    \*YOUNG V. COUNTY OF FULTON, 160F, 3D899 (2DCIR.1998) IN RE

105.    C.R.C., 2001 ND 83,625 N.W.2D 533 (N.D.2001; IN RE SAMANTHA M.,

106.    205 W.VA. 383,518 S. E. 2D387(1999)

107.    2. <u>BOTH MY NATURAL AND MY LEGAL RIGHTS HAVE BEEN VIOLATED.</u> \*\*

108.    ARIZONA STATE DEPT OF PUBLIC WELFARE V. BARLOW, 80 ARIZ

109.    249,196 P.2D 298 (1956); IN RE KO.W,774 A2D 296 (D.C.2001);MOSS V.

110.    VEST 74 IDAHO 328,262 P.2D 116 (1953DEPT OF REVENUE V CMJ.

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

111.  432

112.  MASS. 69,731 N.E. 2D 501 ((2001); IN RE C. R.C. 2001 ND 83,625

113.  N.W.2D2 533 (N.D..2001), IN RE SWEET, 1957 OK 250,317 P.2D 231

114.  (OKLA. 1957) 3.NO VALID REASONTO DENY MY CHILDREN *** THEIR

115.  WAS NO CLEAR SHOWING OF GROSS NEGLECT, UNFITNESS, EXTRA

116.  ORDINARY CIRCUMSTANCES OR MISCONDUCT ON MY PART TO AFFECT

117.  MY CHILDREN*

IN RE. C.R.C.,2001 ND 83,625 N.D.533 (N.D.2001) SKEADAS V. SKLAROFF S

118.  R.I.206.122 A.2D 444    4. THE HUMAN RESOURCES OF JEFFERSON

119.  COUNTY COLORADO ILLEGALLY TOOK MY CHILDREN HOSTAGE ABOVE

120.  MY CUSTODY RIGHTS IN THE ABSENCE OF ABANDONMENT, NO

121.  FORFEITURE OF PARENTAL RIGHTS, AND NO EXTRA ORDINARY

122.  CIRCUMSTANCES OR BEING UNFIT WHICH WAS VERIFIED BY THE AGENCY

123.  REQUESTED REPORT. *** APPLICATION OF CARLSON, 181 NEB. 877,152

124.  N.W. 2D 98,25 A.L.R. 3D1 (1967) * IN WAKEFIELD, 365 MO. 415,283

125.  S.W. 2D 467 (1955); BARSTAD V. FRAZIER,118 WIS.2D 549. S

126.  348 N.W. 2D 479 (1984 * SORENTINO V. FAMILY AND CHILDREN'S SOC.

127.  OF ELIZABETH, 74 N.J. 313.378 A.2D 18 (1977) JUDGMENT AFFD, 77

128.  N.J. 483,391 A.2D 497 (1978)

129.  5. THE HUMAN SERVICE AGENCY TOOK CUSTODY OF MY CHILDREN

130.  ABOVE MY CONSTITUTIONAL RIGHTS IN THE ABSENCE OF A

131.  PREPONDERANCE OF EVIDENCE AGAINST ME AND A REJECTION OF THE

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

132.    STANDARD OF PROOF WHICH HAS BEEN REFERRED TO AS CLEAR, CLEAR

133.    AND CONCLUSIVE, PLAIN AND CERTAIN, STRONG AND SATISFACTORY,

134.    COGENT AND CONVINCING, SUBSTANTIAL, OR CLEAR AND CONVINCING

135.    *** NEWMAN V. SAMPLE, 205 SO 2D 650 (MISS. 1968); IN RE

136.    GUARDIANSHIP OF HIGHT,1944 OK 143,194 OKLA. 214,148 P.2D 475

137.    (1944) * IN RE SWEET. 1957 OK 250.ON V. MITCHELL, 48 COLO.454,111

138.    P.21 (1910); PINNEY V. SULZEN. 91 KAN. 407.137 P. 987

139.    (1914);JAMISON V. GILBERT, 1913 OK 541 38 OKLA. 751,135 P. 342

140.    (1913); * PIERCE V. JEFFROES, 103 W. VA 410, 137 S.E. 651,51 A.L.R

141.    1502 (1927) PECK V. SHERLING, 222 G.60, 148 S.E. 2D 491 (1966) *

142.    JAMES V. JAMES,230 V. 51,334 S.E.2D 551 (1985) * WHITEMAN V.

143.    ROBINSSON, 145 W.VA. 685, 116 S. E. 2D 691 (1960) * SHORTY V.

144.    SCOTT, 87 N.M. 490 535 P.2D 1341 (1975) * MOSS V. VEST, 74 IDAHO

145.    328, 262 P. 2D 116 (1953); * WILKERSON V. WILKERSON, 214 V.. 395

146.    200 S.E. 2D 581 (1973) * IN RE PERALES, 52 OHIO ST. 2D 89,6 OHIO )P.

147.    3D 293, 369 N. E. 2D 1047 (1977)

148.    6. <u>MY CHILDREN WERE ILLEGALLY HELD FROM MY CUSTODY</u> THOUGH

149.    THERE WAS NO THREAT TO THEIR WELFARE OR SAFETY. NEITHER WERE

150.    MY CHILDREN A THREAT TO THE PUBLIC IN ANY WAY. * STANLEY V.

151.    ILLINOIS, 92 S.CL. 1208, 405 U. S. 645, 31 L. ED.

152.    7. <u>AS A FATHER, I HAVE BEEN DENIED MY CONSTITUTIONAL PROTECTED</u>

153.    <u>RIGHT TO THE COMPANIONSHIP, CARE, CUSTODY, AND MANAGEMENT</u> OF

7

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

154.   MY CHILDREN THAT I HAVE SIRED AND RAISED * WEINBERGER V.

155.   WIESENFELLD, 95S. CT. 1225, 420 U. S. 636,43 L. ED. 2D 514. *

156.   LASSITER V. DEPARTMENT OF SOCIAL SERVICES OF DURHAM COUNTY,

157.   N.C., 101 S. CT 2153. 452 U.S. 927, 69 L.ED. 2D 1023

158.   <u>8. AS A PARENT, I HAVE BOTH LEGALLY, COGNIZABLE AND SUBSTANTIAL</u>

159.   <u>RIGHTS THAT MAY NOT BE OVERRIDDEN</u> IN THE ABSENCE OF BEING

160.   UNFIT OR UNSUITABLE TO BE A PARENT. THE BEST INTERESTS OF MY

161.   CHILDREN WERE NOT CONSIDERED IN TAKING MY CHILDREN INTO A

162.   HOSTAGE CUSTODY SITUATION. OVERT AND SUBTLE INTIMIDATION HAS

163.   BEEN USED TO ALIENATE MY CHILDREN'S AFFECTION. (THREATENING

164.   TO PLACE MY DAUGHTER IN A LOCKED WOMAN'S FACILITY AND

165.   RETURNING THE REST OF MY CHILDREN AND NOT HER.) CULTIVATING

166.   THE WORD FEAR AND ABUSE UNTIL MY CHILDREN SOMETIMES USE IT IN

167.   THE PRESENCE OF THEIR CUSTODIANS. THOUGH THEIR STATEMENTS TO

168.   ME HAVE NEVER CHANGED, SOME STATEMENTS TO THEIR CUSTODIANS

169.   CHANGED AFTER TWO TO THREE MONTHS OF THIS INTIMIDATION. *

170.   MONTGOMERY V. CRUM 199 IND 660, 161 N.E. 251 (1928)* BISHOP V.

171.   NEW YORK TIMES CO., 233 N.Y. 446. 135 N.E. 845 (1922)

172.   9. <u>INVASION OF PRIVACY</u>. ALL CONVERSATIONS WITH MY CHILDREN ARE

173.   MONITORED PER AGENCY REQUEST AS STATED BY THE THERAPIST. THE

174.   THERAPIST AND THE HUMAN SERVICE PERSON HAVE AT TIMES

175.   INTERVENED AS MY CHILDREN AND I WERE CONVERSING AND FORBID

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

176. OUR CONVERSATION OR REBUKED ME VERY SEVERELY * THIS

177. RELATIONSHIP WITH MY CHILDREN IS PROTECTED BY THE

178. CONSTITUTION OF THE U.S.A. AMENDMENT 14. QUILLOIN V. WALCOTT,

179. 98 S. CT. 549, 434 U.S. 246, 54 L.ED. 2D 511, REHEARING DENIED 98 2.

180. CT 1477, 435 U.S. 918 55, L.ED. 2D 511 * O'BRYAN, SAGINAW, COUNTY

181. MICH., 437 F. SUPP. 582, FINAL JUDGMENT ENTERED 446 F. SUPP 436,

182. REMANDED 620 F. 2D 303. ON REMAND 529 F. SUPP. 206, AFFIRMED 741

183. F.2D 283. MOE V. DINKINS 533 F. SUPP 623 AFFIRMED 669 F. 67, 67,

184. CERTIORARI DENIED * COE V. AXELROD, 103 S.T. 61, TWO CASES

185. 10. <u>THE BURDEN OF PROOF IMPOSED UPON THE STATE OF COLO.</u> HUMAN

186. RESOURCES OF JEFFERSON COUNTY LAWS TO ESTABLISH THAT

187. TERMINATION OF MY CUSTODY RIGHTS TO MY CHILDREN WAS

188. NECESSARY BY CLEAR AND CONVINCING EVIDENCE, OR BEYOND A

189. REASONABLE DOUBTS OR BY A PREPONDERANCE OF EVIDENCE. THIS

190. WAS NOT DONE. NOR HAS THE TRANSFER OF RIGHTS TO THIS AGENCY

191. BEEN IN THE BEST INTERESTS OF MY CHILDREN. THEIR MENTAL,

192. PHYSICAL, SCHOOL AND SOCIAL AREAS HAVE SUFFERED GREATLY.

193. BOTH VERBAL AND SEXUAL ABUSE HAS OCCURRED WHILE IN THIS

194. AGENCY'S CUSTODY. SERIOUS MEDICAL CONDITIONS HAVE RISEN AND A

195. RIFT IN SIBLING UNITY HAS DEVELOPED. MY CONSTITUTIONAL RIGHTS

196. HAVE BEEN VIOLATED BEYOND MEASURE ALONG WITH MY CHILDREN'S

197. CONSTITUTIONAL RIGHTS.

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

198.    SANTOSKY V. KRAMER 455 U.S. 745 102 S. CT 1388. 71 I.ED, 2D 599

199.    (1982); * NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES V.

200.    WUNNENBURG, 149 N.J. SUPER. 64, 372 A.2D, 1376 (JUV & DOM REL.

201.    CT. 1977 * JUDGMENT AFFD, 169 N.J. SUPER. 417, 404 A.2D 1252

202.    (APP.DIV.1979)* MATTER OF JOHN AA, 89 A.D.2D 738, 453 N.Y.S.2D

203.    942 (3D DEPT 1982) IN RE JAMIE M. 134 CAL APP. 3D 530. 184 CAL.

204.    RPTR. 778 (3D DIST (1982); IN RE INTEREST OF MOSIER, 205 NEB. 340

205.    288 N.W. 2D 22 (1980) * RE DIANA P., 120 N.H. 791, 424 A.2G78, 21

206.    A.I.R.4 522 (1980) * HERNANDEZ V.STATE EX REL. ARIZONA DEPT OF

207.    ECONOMIC SECURITY, 23 ARIZ APP32, P 530 P.2D 389 (DIV.2 1975);

208.    PEOPLE IN INTEREST OF M.B. V. J.B., 188 C0L0 370, 535 P.2D192(1975)

209.    PEOPLE EX REL. PORTNEY V. STRASSER, 303 N.Y. 539, 104 N.E. 2D 895

210.    (1952) * BLOW V. LOTTMAN, 75 S.D. 127, N.W. 2D 825 (1953)

211.    OVERRULED BY MATTER OF TERMINATION OF PARENTAL RIGHTS OF

212.    P.A.M., 505 N.W. 2DM395M (OVERRULING RECOGNIZED BY, IN RE

213.    GUARDIANSHIP AND CONSERVATORSHIP FOR A T.H.M. 2002 SD 13 2002

214.    WL 1233357 (S.D.2002)

215.    <u>ADDITIONAL VIOLATIONS OF MY FAMILY CIVIL RIGHTS</u>

216.    1. DENIAL OF REGULAR PHONE ACCESS TO MY CHILDREN

217.    ESPECIALLY MY DAUGHTERS.

218.    2. DENIAL OF FAMILY RELIGIOUS FREEDOM

219.    3. REFUSAL TO ACCEPT REQUESTED HOME STUDY

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

220.   CLEARANCE AND REQUESTED SPECIAL TAILORED HOME

221.   STUDY AND BASED REFUSAL ON LACK OF CO-OPERATION

222.   BY MYSELF.

223.   4. MADE REPORT THAT I WAS MENTALLY UNSTABLE ( NO

224.   GROUNDS) PER AGENCY REPORT ASSIGNED PERSONNEL

225.   TO HANDLE THE MATTER. ARRANGED OUTCOME SAID I

226.   WAS MENTALLY UNFIT TO PARENT MY CHILDREN.

227.   (PREPLANNED CONSPIRACY)

228.   5. FALSE ACCUSATION THAT I ABANDONED MY CHILDREN

229.   6. FALSE ACCUSATION OF SPOUSAL ABUSE

230.   7. FALSE ACCUSATION OF ME PERMITTING SEXUAL ABUSE

231.   OF MY CHILDREN

232.   8. FALSE ACCUSATION OF ME HAVING A HEART CONDITION

233.   9. FALSE ACCUSATION OF ME HAVING GLAUCOMA

234.   10. FALSE ACCUSATION THAT I CLAIM MY CHILDREN HAVE

235.   NO ISSUES IN MY HOME

236.   11. OPENLY REBUKING ME AND MY SONS FOR THEM

237.   ATTEMPTING TO TELL ME ABOUT PRESSURE BEING PUT

238.   ON THEM TO SLANT TRUTH

239.   12. FORBIDDING MY ANSWERS TO MY CHILDREN'S

240.   QUESTIONS TO ME

241.   13. PROMOTING MY AGE AS A REASON NOT TO RETURN MY

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

242. CHILDREN TO ME

243. 14. CONTINUALLY PROVIDING MYSELF AND MY CHILDREN

244. WITH FALSE INFORMATION. ONE MESSAGE TO ME,

245. ANOTHER TO MY DAUGHTERS, ANOTHER TO MY SONS, AND

246. ANOTHER IN THE COURT REPORT DOCUMENTS.

247. 15. CULTIVATING A LACK OF CREDIBILITY AMONG MY

248. CHILDREN AMONG THEMSELVES AND TOWARD ME THE

249. FATHER

250. 16. HOLDING BACK INFORMATION ABOUT MY CHILDREN'S

251. PROBLEMS IN FOSTER CARE INCLUDING THREATS,

252. SEXUAL ABUSE, AND PHYSICAL AND VERBAL

253. ALTERCATIONS AND SERIOUS REACTIONS TO BIRTH

254. CONTROL MEDICATIONS GIVEN TO MY DAUGHTER AND

255. THE EFFECTS OF STRESS UPON MY CHILDREN INSIDE THE

256. SYSTEM.

257. 17. ADVISING MY CHILDREN THAT IF THEY ARE ADOPTED

258. OUT IT WILL BE MY FAULT

259. 18. <u>BE ADVISED THAT NO CHARGES WERE EVER FILED</u>

260. <u>AGAINST ME ORIGINALLY. ALL OF THESE CHARGES WERE</u>

261. <u>LABELED AGAINST ME SO COLORADO COULD KEEP MY</u>

262. <u>CHILDREN</u>

263. <u>FAMILY CIVIL RIGHTS SUIT FILED ON BEHALF OF MY CHILDREN</u>

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

264. **1. MY CHILDREN HAVE BEEN** DENIED THEIR CONSTITUTIONAL

265. **RIGHTS** OF A NORMAL UNOBSTRUCTED RELATIONSHIP WITH ME THEIR

266. FATHER BY JEFFERSON COUNTY HUMAN SERVICE AGENCY. THIS

267. SITUATION HAS EXISTED SINCE 2004. AS OF MARCH 2007 THIS DENIAL IS

268. STILL IN EFFECT. U.S.G.A. CONST. AMEND. 14 QUILLOIN V. WALCOTT,

269. 98 S.CT 549, 434 U.S. 246 54 L.ED. 2D 511 REHEARING DENIED 98 S.

270. CT. 1477, 435 U.S. 918. 551. ED. 2D 511 * D.C. MICH. 1977. O'BRYA

271. N V. SAGINAW COUNTY, MICH. 437 F. SUPP. 582, FINAL JUDGEMENT

272. ENTERED 446 F. SUPP. 436, REMANDED 620 F.2D 303, ON REMAND 529

273. F. SUPP. 206, AFFIRMED 741 F. 2D 283

274. **2. MY CHILDREN ARE LACKING IN SEVERAL AREAS OF MATURITY AND**

275. **HAVE BEEN UNJUSTLY DENIED** BY HUMAN RESOURCE INTERFERENCE,

276. MY LOVE, AFFECTION, AND PARENTAL LEADERSHIP, EXPERIENCE,

277. COUNSELING AND GUIDANCE IN MORAL STANDARDS, GOOD CITIZENSHIP

278. DECISIONS AND GENERALLY HELPING THEM TO MAKE DECISIONS THAT

279. ARE IN THEIR BEST INTERESTS. * MOE V.DINKIN, 533F. SUPP. 623,

280. AFFIRMED 669 F. 2D 67, CERTIORARI DENIED COE V. AXELROD, 103

281. S. CT 61, TWO CASES * CA., ILL. 1978, WYNN V. CAREY, 582 F. 2D 1375

282. **3. HUMAN SERVICE DENIAL OF MY CHILDREN'S RIGHT TO MY**

283. COMPANIONSHIP, CARE, CUSTODY, COUNSEL AND MANAGEMENT HAS

284. PRECLUDED MY CHILDREN BEING SUBJECT TO VERBAL THREATS AND

285. ABUSE, **PHYSICAL ALTERCATIONS,** SEXUAL ABUSE, SCHOOL

13

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

286. DETERIORATION, BOTH MENTAL AND PHYSICAL, ATTITUDE CHANGES,

287. AND OTHER MAJOR ISSUES AND LIFE WITHOUT MY AVAILABLE PARENTAL

288. LOVE AND DIRECTION. MY GIRLS, ESPECIALLY HAVE BEEN PERSUADED

289. TO VERBALLY MAKE LIFE CHANGING DECISIONS AND LIFELONG

290. DECISIONS THAT WERE NOT MADE IN MATURITY OR KNOWLEDGE IN

291. THEIR BEST INTERESTS. THE TRAITS AND CHARACTERISTICS OF THESE

292. DECISIONS ARE CAPABLE OF WOUNDING THEM FOR LIFE. JEFFERSON

293. COUNTY HUMAN SERVICE RESOURCE HAVES EITHER IGNORED OR

294. REJECTED THIS KNOWLEDGE AND CONSTITUTIONAL PROTECTION AND

295. REQUIREMENT OF MY CHILDREN. * LASSITER V. DEPARTMENT OF

296. SOCIAL SERVICES OF DURHAM COUNTY N. C. 101 S.CT. 2153, 452 U.S.

297. 18, 68 L.ED. 2D. 640, REHEARING DENIED 102 S. CT. 889, 453 U.S.

298. 927,69 L.ED.2

299. 4. <u>JEFFERSON COUNTY HUMAN SERVICE AGENCY IGNORED THE FACT</u>

300. <u>THAT MY PARENTAL RIGHTS</u> ARE SUPERIOR OVER THAT OF MY MINOR

301. CHILDREN IN NURTURE AND EDUCATION BY ENCOURAGING THEM TO

302. REMAIN IN A FOSTER CARE ENVIRONMENT WITH MITIGATING

303. CIRCUMSTANCES. THIS INCLUDED DRUG ACTIVITY, SEXUAL ABUSE,

304. PHYSICAL ABUSE AND VERBAL ABUSE, PHYSICAL VIOLENCE, RACIAL

305. INTIMIDATION THREATS AND UNCERTAINTY OF RESIDENCE, ALONG WITH

306. AGENCY ENFORCED CURTAILED CONTACT WITH ME THEIR FATHER. D.C.

307. ILL. 1985 POLOVCHAK V. LANDON, 614 F. SUPP. 900 * C.A. IND.

14

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

308. 1981 SCHLEIFFER V. MEYERS, 644 F.2D 656, CERTIORARI DENIED 102

309. S.CT 110, 454 U. S. 823. 70 L.ED.2D 96

310. <u>5. MY PARENTAL AUTHORITY IS PLENARY AND PREVAILS</u> OVER THE

311. CLAIMS OF BOTH THE HUMAN SERVICE AGENCY AND MY MINOR

312. CHILDREN. THERE WAS AND IS NO COMPELLING JUSTIFICATION FOR

313. SEPARATING MY CHILDREN FROM ME AS WAS AND IS BEING

314. IMPLEMENTED. THIS WAS AND IS A SERIOUS INJUSTICE TO MY CHILDREN.

315. * D.C. MICH. 1977 D0E V. IRWIN, 441 F. SUPP. 1247, REVERSED 615

316. F.2D 1162, CERTIOARI DENIED 101 S.CT. 95,449 U.S. 829,66 L.ED. 2D

317. 33.

318. <u>6. THE PREVAILING INTEREST IN THE RAISING OF MY CHILDREN SHOULD</u>

319. <u>BE</u> THAT THEY BE RAISED WITHOUT ANY TYPE OF STATE OR

320. GOVERNMENTAL INTERFERENCE. HUMAN RESOURCE IGNORED THIS

321. FACT AND CREATED A MANDATORY DEPENDENCY BY TAKING MY

322. CHILDREN HOSTAGE. * D. C. IOWA 1975 ALSAGER V. DISTRICT COURT

323. OF POLK COUNTY IOWA (JUVENILES DIVISION), 406 F. SUPP. 10,

324. ADOPTED 545 F. 2D 1137

325. <u>ADDITIONAL VIOLATIONS OF MY CHILDREN'S CIVIL RIGHTS</u>

326. <u>THEY ARE PRISONERS OF COLORADO ** HOSTAGES IN FOSTER CARE</u>

327. <u>PRISONS</u>

328. <u>1.</u> HUMAN RESOURCES SERVICES OF COLORADO HAVE DENIED MY

329. CHILDREN ACCESS TO ME THE LAWFUL PARENT IN FAVOR OF

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

330. STRANGERS IN SPITE OF REQUESTED REPORT TO THE CONTRARY.

331. 2. INTIMIDATION OF MY DAUGHTERS TO PLACE THEM IN A LOCKED

332. RACILITY AND RETURN THE REST OF MY CHILDREN TO ME WHILE

333. KEEPING THEM THERE IS MENTAL TORTURE TO A CHILD.

334. 3. AN ATMOSPHERE OF FEAR HAS BEEN CREATED FOR MY CHILDREN

335. WHEREIN THEY ARE AFRAID TO OFFEND THEIR CAPTORS.

336. 4. MY CHILDREN HAVE HAD TO SMUGGLE LETTERS OUT OF

337. COLORADO TO COMMUNICATE WITH THE FAMILY

338. FREELY.

339. 5. My CHILDREN ARE PUNISHED BY DENYING PHONE

340. CONTACT WITH THE FATHER AND SISTER

341. 6. MY CHILDREN ARE DENIED UNMONITORED PHONE

342. CONTACT

343. 7. MY CHILDREN HAVE BEEN SEXUALLY ABUSED AND THE

344. SOCIAL WORKER REFUSED TO BELIEVE THEM WHEN

345. REPORTED. ANOTHER CHILD IN ANOTHER CITY HAD TO

346. VERIFY THE ABUSE.

347. 8. FAILURE TO PROVIDE MEDICAL INFORMATION ABOUT

348. MY CHILDREN TO ME. IT TOOK ELEVEN PHONE CALLS

349. AND EIGHTEEN HOURS TO GET MEDICAL ATTENTION

350. WHEN MY CHILD INFORMED ME OF LIFE THREATENING

351. SIGNS THAT APPEARED, PER THE MEDICAL HISTORY.

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES

352. 9. SUBTLE ATTEMPTS AT BRAINWASHING OF MY CHILDREN
353. WHICH CREATES DEPRESSION, LONELINESS, CONFUSION,
354. ANGER, MENTAL SCARS, AND SOMETIMES SUBMISSION TO
355. THEIR CAPTORS. THIS IN AN EFFORT TO GET THEM TO
356. AGREE TO STAY IN COLORADO FOSTER CARE AS OPPOSED
357. TO COMING HOME WITH ME THE FATHER.
358. 10. USE OF THE SOCIAL SERVICE UMBRELLA TO HELP
359. ESTABLISH A PRIVATE DOMAIN WITH MY CHILDREN
360. INSIDE.
361. MY REQUEST AS FATHER AND MY
362. CHILDREN'S REQUEST AS FAMILY THAT THIS INJUSTICE BE ENDED PER
363. THIS DAY FOREVER. THANKS *** I AM REQUESTING A JURY TRIAL ***
364. I AM REQUESTING IMMEDIATE EMERGENCY RETURN OF MY CHILDREN
365. TO MY CUSTODY PENDING THE END OF THESE HEARINGS AND
366. APPROPRIATE REMUNERATION TO MY CHILDREN AND MYSELF FOR
367. DENIAL AND SUPPRESSION OF OUR FAMILY RIGHTS. NO AMOUNT OF
368. FINANCE OR EXTENT AND DEGREE OF APOLOGIES CAN MAKE UP FOR THE
369. HUMILIATION, SHAME, GUILT, AND TRAUMA THAT HAS BEEN HEAPED
370. UPON THIS FAMILY UNJUSTLY. *** AGAIN *** IT IS MY DESIRE AS THE
371. FATHER AND MY CHILDRENS' DESIRE TOGETHER AS A FAMILY THAT
372. THIS INJUSTICE TOWARD THIS FAMILY BE ENDED FOREVER. THANKS

DENIAL OF MY FAMILIES MAJOR LIFE ACTIVITIES BY JEFFERSON COUNTY COLORADO
DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES