MICHAEL C. SERVERIAN (SBN 133203)
**RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK**
96 North Third Street, Suite 500
San Jose, California 95112
Telephone: (408) 293-0463
Facsimile: (408) 293-9514

Attorneys for Defendant
COUNTY OF SAN BENITO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM D. ANDREWS,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFERSON COUNTY COLORADO DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES,<br><br>    Defendant. | Case No. C07-02918-HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JEFFERSON COUNTY'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT PURSUANT TO FED. R. CIV. PROC. 6(b) AND CIVIL L.R. 6-3**<br><br>Date: July 24, 2007<br>Time: 10:00 a.m.<br>Dept.: 2<br>Judge: Magistrate Judge Howard R. Lloyd |

    Defendant Jefferson County Colorado Department of Human Services, Division of Children, Youth and Families ("Defendant County") hereby respectfully submits its memorandum of points and authorities in support of its motion for the enlargement of time to respond to the complaint pursuant to Fed. R. Civ. Proc. 6(b) and Civil L.R. 6-3 as follows:

**I. INTRODUCTION**

    Plaintiff William D. Andrews ("Plaintiff"), who is proceeding in propria persona, filed the instant action against Defendant County on June 5, 2007, seeking the custody of his minor children, who are in the protection of the foster care system of Jefferson County, Colorado. Despite the pending and ongoing juvenile dependency court proceedings in Colorado, Plaintiff, a resident of California, has filed the underlying federal action to seek family

reunification.

## II. LEGAL ARGUMENT

Fed. R. Civ. Proc. 6(b) provides that the Court "may at any time in its discretion" enlarge the time periods set forth in the Federal Rules of Civil Procedure if the request: (1) "is made before the expiration of the period originally prescribed"; or (2) "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." In furtherance thereof, Civil L.R. 6-3 sets forth the requirements for bringing forth a motion to enlarge or shorten time. In particular, a motion to enlarge time must: (1) set forth with particularity the reasons for the requested enlargement of time; (2) describe the efforts made by the party to obtain a stipulation to time change: (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) disclose all previous time modifications in the case; and (5) describe the effect the requested time modification would have on the schedule for the case. Civil L.R. 6-3(a). As discussed herein, each of the aforementioned factors warrants the Court's granting of the instant motion for enlargement of time.

**A.    Reasons for the Requested Enlargement of Time**

According to Plaintiff, Defendant County was served with the complaint on June 14, 2007. *See* the Declaration of Michael C. Serverian filed concurrently herewith at ¶ 3. However, Defendant County has yet to receive a proof of service or any verification regarding the date and means of service. *See* the Declaration of Michael C. Serverian filed concurrently herewith at ¶ 4. (Assuming that Defendant County was indeed properly served on June 14, 2007, Defendant County's time to answer the complaint expired on July 4, 2007.) Significantly, even assuming that the time of Defendant County's filing of an answer to the complaint has expired, an enlargement of time to respond to the complaint in this instance is warranted on the grounds of "excusable neglect."

Specifically, the Jefferson County Attorney's Office did not receive the complaint until June 26, 2007. *See* the Declaration of Writer Mott filed concurrently herewith at ¶ 2. As a social services agency, Defendant County processes and sorts a significant number of

documents each day, and was therefore apparently unable to forward the complaint to the County Attorney's Office until June 26, 2007.  *See* the Declaration of Writer Mott filed concurrently herewith at ¶ 3.  Upon receipt of the complaint, the County Attorney's Office required time to retrieve and review the files related to the Colorado state dependency action concerning Plaintiff's minor children and Plaintiff's parental rights.  *See* the Declaration of Writer Mott filed concurrently herewith at ¶ 4.  Thereafter, the Jefferson County Attorney's Office immediately began its search for local counsel in California.  *See* the Declaration of Writer Mott filed concurrently herewith at ¶ 5.  However, upon locating California counsel, the County Attorney's Office necessarily sought approval from the Jefferson County Board of County Commissioners to retain local counsel.  *See* the Declaration of Writer Mott filed concurrently herewith at ¶ 5.  Consequently, local counsel was not retained by Defendant County until the week of July 2, 2007.  *See* the Declaration of Michael C. Serverian filed concurrently herewith at ¶ 2.

Furthermore, given the nature of the relief requested by Plaintiff, Defendant County believes that the instant action may be appropriately dismissed by the Court under Fed. R. Civ. Proc. 12(b)(6).  Accordingly, Defendant County is in need of additional time to conduct legal research and prepare a motion to dismiss the underlying action.

**B.    Efforts Made to Obtain a Stipulation to the Enlargement of Time**

On July 6, 2007, counsel for Defendant County corresponded with Plaintiff to request an extension of time or until August 31, 2007, to respond to the complaint.  Plaintiff expressed his opposition to this request on July 6, 2007.  *See* the Declaration of Michael C. Serverian filed concurrently herewith at ¶¶ 4-5.

**C.    Substantial Harm or Prejudice to Defendant County if the Enlargement of Time is not Granted by the Court**

Substantial harm or prejudice to Defendant County will result if the enlargement of time to respond to the complaint is not granted by the Court.  Specifically, Defendant County will be precluded from bringing forth a motion under Fed. R. Civ. Proc. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted as such a motion must

be filed before the answer or other responsive pleading is filed.  *See* Fed. R. Civ. Proc. 12(b); *see also* Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988) (noting that the Ninth Circuit allows a motion under Fed. R. Civ. Proc. 12(b) "any time before the responsive pleading is filed," and that the rule itself does *not* require that 12(b) motions be made within twenty days of service of the complaint).

Defendant County is of the understanding that the proceedings in the instant action are subject to early termination by the means of a motion to dismiss.  If Defendant County is precluded from filing a Fed. R. Civ. Proc. 12(b)(6) motion, Defendant County will bear the undue time and added expense of answering the complaint *and* bringing forth a motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).  In short, in the interest of facilitating the early resolution of the underlying action, Defendant County respectfully requests that the Court grant the instant motion for enlargement of time to respond to the complaint.

**D.    No Previous Time Modifications**

Since the commencement of the above-entitled action on June 26, 2007, no prior time modifications in the instant case have been made by either stipulation or Court order.

**E.    Effect of Requested Enlargement on the Schedule for the Case**

The requested enlargement of time or until August 31, 2007, for Defendant County to respond to the complaint will have minimal to no impact on the case schedule.  Namely, the sole deadline prior to the requested response date of August 31, 2007, is the date of August 21, 2007, which is the last day for the parties:  (1) to meet and confer regarding initial disclosures, early settlement, ADR process selection, and the discovery plan; and (2) to file the joint ADR certification with stipulation or notice of need for ADR phone conference.  Consequently, Defendant County anticipates no resulting effect of the requested enlargement on the schedule for the case.

### III.  CONCLUSION

Based on the foregoing considerations, Defendant County respectfully requests that the Court grant Defendant County until August 31, 2007, to respond to the complaint in this

Case 5:07-cv-02918-HRL   Document 5   Filed 07/10/2007   Page 5 of 5

1  action.

2

3                                          Respectfully submitted,

4  Dated: July 10, 2007           RANKIN, LANDSNESS, LAHDE,
                                                SERVERIAN & STOCK

5

6

7                                  By: /s/ Michael C. Serverian
                                      MICHAEL C. SERVERIAN, Attorneys for
8                                        Defendant JEFFERSON COUNTY
                                      COLORADO DEPARTMENT OF HUMAN
9                                        SERVICES DIVISION OF CHILDREN,
                                      YOUTH AND FAMILIES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JEFFERSON COUNTY'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT PURSUANT TO FED. R. CIV. PROC. 6(b) AND CIVIL L.R. 6-3**