1  MICHAEL C. SERVERIAN, ESQ. (SBN 133203)
   **RANKIN, LANDSNESS, LAHDE,**
2  **SERVERIAN & STOCK**
   96 North Third Street, Suite 500
3  San Jose, California  95112
   Telephone:  (408) 293-0463
4  Facsimile:  (408) 293-9514

5  WRITER MOTT, ESQ
   Assistant County Attorney
6  **JEFFERSON COUNTY ATTORNEYS OFFICE**
   100 Jefferson County Parkway
7  Golden, Colorado 80419
   Telephone: (303) 271-8913
8  Facsimile:  303) 271-8901

9  Attorneys for Defendant
   JEFFERSON COUNTY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. ANDREWS, ) | Case No.  C07-02918-HRL |
| Plaintiff, ) | |
| ) | **DEFENDANT JEFFERSON COUNTY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), 12(b)(2) AND 12(b)(5)** |
| vs. ) | |
| ) | |
| JEFFERSON COUNTY COLORADO DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES, ) | |
| ) | Date:  October 16, 2007 |
| ) | Time:  10:00 a.m. |
| ) | Judge:  Mag. Judge Howard R. Lloyd |
| ) | Dept.:  2 |
| Defendants. ) | |

**Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss**

# I. OVERVIEW

Plaintiff improperly requests this Court to intervene into a child custody matter currently pending before a Colorado state District Court and requests the "immediate emergency return of [his] children to [his] custody." Complaint, pg. 17, lines 364-365. Plaintiff's Complaint consists of numerous alleged violations of the Colorado Children's Code, over which this Court lacks jurisdiction, and appears to assert certain civil rights claims related to the custody dispute, brought pursuant to 42 U.S.C. § 1983 (hereinafter referred to as "Section 1983"). These claims are not properly before this Court as this Court lacks personal and subject matter jurisdiction to consider these types of claims.

Jefferson County (hereinafter "County") has had no contacts with California, with the possible exception of hiring local counsel to defend against this lawsuit, and all of the events underlying the Complaint occurred in Colorado, not California. The Plaintiff, therefore, cannot establish the minimum contacts necessary with the forum state to establish personal jurisdiction over the County. Subject matter jurisdiction is also lacking since the Plaintiff's Complaint consists entirely of an improper attempt to invalidate the on-going state court proceedings.[1] This Court further has authority to decline subject matter jurisdiction in this case pursuant to the domestic relations exception doctrine and pursuant to traditional theories of federal court abstention. Moreover, the County's Human Services Division is an arm of the state and, therefore, is entitled to Eleventh Amendment immunity from suits such as this one brought in federal court. Accordingly, the County respectfully requests that this Court dismiss the Complaint.

# II. ARGUMENT

**A.   This Court Lacks Personal Jurisdiction Over the County**

The County is a political subdivision of the State of Colorado. It has no contacts in the

---

1.   Copies of some of the relevant pleadings filed in the state court child custody dispute are attached as **Exhibit A-1**. This Court may take judicial notice of these public records in deciding the Motion to Dismiss since these court filings are matters of public record. *See* Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record.").

1
**Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss**

Northern District of California. It does not own property in the Northern District of California, nor does it conduct business in the Northern District of California. The County has no meaningful contacts with the Northern District of California. Accordingly, this Court lacks personal jurisdiction over the County.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). A federal district court must apply the personal jurisdiction law of the state in which it is sitting. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995); Schwarzenegger, 374 F.3d at 800-01. "California's long arm-statute extends jurisdiction to the limits imposed by the Due Process Clause. Consequently, the question is whether exercising jurisdiction over defendants would offend due process." Ziegler, 64 F.3d at 473.

Personal jurisdiction can be established by one of two methods, through the application of general or specific jurisdiction. Hudnall v. Panola County, 2007 WL 81928, *2 (D. Nev. 2007) (slip copy).[2] General jurisdiction applies where the individual has had continuous and systemic contacts with the forum state. Id. Given the absence of any allegations or facts to demonstrate that the County has had any contacts, let alone systemic and continuous contacts, with California, the Plaintiff cannot establish general personal jurisdiction over the County. *Accord*, Hudnall, 2007 WL 81928 at *3 ("Finally, Panola County is a political subdivision of Texas. It has no offices in Nevada, is not authorized to do business in Nevada, has no employees in Nevada, owns no property in Nevada, and has never carried on any business in Nevada. Given this total lack of nexus between Panola and Nevada, general jurisdiction is inappropriate.").

The Ninth Circuit has established a three-part test for determining whether specific jurisdiction exists as to establish personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or

---

2. Copies of all unpublished opinions are attached as **Exhibit A-2**.

       perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)    the exercise of jurisdiction must comport with fair play and substantial justice, i.e. must be reasonable.

Schwarzenegger, 374 F.3d at 802. In this case, the Plaintiff cannot satisfy any of these three prongs. There are no allegations in the Complaint to support a finding that the County has taken any actions to purposefully avail itself of the forum by conducting activities in California. Even more importantly, there are no allegations that the County took any actions in California with respect to the on-going child custody action pending before the Jefferson County District Courts of Colorado. The claims asserted by the Plaintiff do not, therefore, arise out of forum related activities.

       Plaintiff's failure to identify specific actions taken by the County in California provides more than ample grounds for this Court to dismiss this case on grounds that there is no personal jurisdiction over the County in California. Numerous other courts have dismissed similar actions brought against out-of-state counties or local governments. *See* Ida Simpson v. Housing Authority of the County of Lake, 2005 WL 1838973, *4 (D. Or. 2005) (dismissing pro se Complaint filed against the Housing Authority of Lake County, Illinois in the United States District Court of Oregon, since the Oregon federal court had no personal jurisdiction over the Illinois County. "Because defendant has no contact with Oregon and plaintiff's claims against it arise out of activities in Illinois, the Complaint also should be dismissed for lack of personal jurisdiction."); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) ("The Clark County, Washington, defendants do not have the contacts with Oregon necessary for the district court to lawfully exercise personal jurisdiction over them."); Lietzke v. County of Montgomery, 2007 WL 201054, *3 (D. Or. 2007) (dismissing complaint filed against Alabama County in the United States District Court of Oregon on grounds that the Alabama County had no contacts in Oregon and all of the acts of the Alabama County Defendants occurred in Alabama) (slip copy); Hudnall, 2007 WL at *4 (dismissing Panola County, Texas from lawsuit

1 brought in the United States District Court of Nevada on grounds that "Panola County has clearly not interjected itself into the forum as it is as a political subdivision, wholly operating in Texas.").

Not only has the Plaintiff failed to establish sufficient contacts of the County with the forum state of California, but he has failed to provide any basis to establish the requirement that forcing the County to defend this action in California comports with the equitable requirements of fair play and substantive justice. Given the lack of contacts between the County and California, there is no reason why the County could have reasonably anticipated being brought before a California court to discuss allegations relating solely to an on-going child custody/child protection action pending in Colorado state District Court.

**B.    This Court lacks subject matter jurisdiction over this lawsuit**

    1.    <u>This Court should abstain from exercising subject matter jurisdiction over this lawsuit pursuant to the domestic relations exception</u>

The federal courts have a well established doctrine, the domestic relations exception, of declining to exercise jurisdiction over matters related to divorce, alimony decrees, and issues of child custody. *See* <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 112 S.Ct. 2206, (1992) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States…. We conclude, therefore, the domestic relations exception…divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

The fact that Mr. Andrews is seeking to have this Court intervene and review the child custody decisions of the state court provides this Court with ample grounds to decline jurisdiction pursuant to the domestic relations exception. Complaint, pg. 17, lines 364-65 (Plaintiff requesting the "immediate emergency return of [his] children to [his] custody."). The domestic relations exception has consistently been applied as a bar to jurisdiction in similar cases in which plaintiffs have sought to challenge state court child custody proceedings through the assertion of federal civil rights claims. The case of <u>Peterson v. Babbitt</u> is instructive. 708 F.2d 465 (9th Cir. 1983). In <u>Peterson</u>, the plaintiff brought a lawsuit arguing

that by denying him visitation rights to his children certain state authorities were depriving him of a fundamental liberty interest. The Ninth Circuit in dismissing the plaintiff's claim found that "the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter." Id. at 466. The Peterson Court went on to note another critical factor weighing in favor of the court abstaining from excepting jurisdiction was the fact that there was a pending state action. "Because there is presently pending in the state court the issue of Peterson's visitation rights, we will exercise our discretion and abstain." Id.

Another illustrative case is Rueter v. State of California, 1988 WL 96621 (9th Cir. 1988). In Rueter, the plaintiff brought similar claims to those asserted by the Plaintiff in this case, arguing that the state had acted unconstitutionally in taking custody of his children. The court in dismissing the plaintiff's claims found that "[a]lthough Reuter raises constitutional challenges to the proceedings, these issues revolve around the care and custody of Reuter's child" and, therefore, it was proper for the District Court to abstain from exercising jurisdiction pursuant to the domestic relations exception. Id. at *2. *See also* Coats v. Wood, 819 F.2d 236, 237 (9th Cir. 1987) (affirming district court's application of the domestic relations exception to civil rights claim related to custody dispute); Neustein v. Orbach, 732 F.Supp. 333, 339 (E.D. N.Y. 1990) ("If…the federal court becomes embroiled in factual disputes concerning custody and visitation matters, the action must be dismissed.").

The rationale underlying the domestic relations exception is premised on the fact that domestic relations cases often require continued supervision for which state courts are better suited and able to manage and on the fact that state courts have more expertise in handling domestic relations matters.

> Issuance of decrees of this [domestic relations] type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in granting such decrees.

Ankenbrandt, 504 U.S. at 703-04, 112 S.Ct. at 2215. The other frequently cited rationale for invoking the domestic relations exception is to avoid inconsistent federal and state determinations of the same issue. *See* Rueter, 1988 WL at *1 (the possibility of incompatible federal and state court decrees makes federal abstention appropriate in these cases). Each of these rationales is supported by the facts in this case, where there is a pending state custody case that has required on-going monitoring by county social service workers.

In this case, the Plaintiff, Mr. Andrews, asks this Court to wade into the issues surrounding the pending Colorado state District Court child custody action. The subject matter of the Plaintiff's Complaint, therefore, falls squarely under the domestic relations exception, since it would require this Court to decide matters related to the custody of the Plaintiff's children. Moreover, abstention is appropriate as a matter of comity since the Colorado state court child custody action is still pending.

2. This Court should decline jurisdiction over this matter on grounds of *Younger* abstention

The doctrine of Younger abstention counsels federal courts to avoid exercising jurisdiction over matters that are the subject of on-going, pending state litigation. *See* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). The H.C. case provides clear guidance to this Court that it should abstain from exercising jurisdiction over this matter since it involves child custody issues, which implicate traditional areas of state concern. Id. at 613.

In this case, the Plaintiff is a party to pending state court litigation related to the custody of his children, which serves as the basis for his federal Complaint. The issues presently being litigated in state court are child custody issues over which the State of Colorado has important interests at stake. H.C., 203 F.3d at 613 ("Family relations are a traditional area of state concern. In addition, a state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory. This is a particularly

appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience."). Moreover, the state court provides more than an adequate forum for the Plaintiff to raise his federal claims, which the Plaintiff has repeatedly asserted in the state court action. Thus, this Court should abstain from exercising jurisdiction over this matter either pursuant to the domestic relations exception or pursuant to the doctrine of Younger abstention.

      3.    <u>The County's Division of Human Services is entitled to Eleventh Amendment immunity against suit</u>

The County moves to dismiss all the claims brought by the Plaintiff pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on the Eleventh Amendment immunity. <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974) (plaintiff bears the burden of establishing federal subject matter jurisdiction); <u>Sopcak v. Northern Mountain Helicopter Serv.</u>, 52 F.3d 817, 818 (9th Cir. 1995) (same). The only Defendant to this action is the County's Human Services Division (the "Division"). Plaintiffs' claims are all based on the actions of the Division in providing child protection services. As a matter of law, the Division acts as an arm of the state and not as an arm of the county. The state of Colorado controls the Division.

The Eleventh Amendment limits the jurisdiction of federal courts and bars federal claims for damages against the state. <u>Hess v. Port Auth. Trans-Hudson Corp.</u>, 513 U.S. 30, 39, 115 S. Ct. 394, 400 (1994) ("The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals."); <u>Draper v. Coombs</u>, 792 F.2d at 918 ("under the Eleventh Amendment, states that have not consented to suit are immune from <u>§ 1983</u> suits in federal court.") (citations and internal quotations omitted); <u>Hudnall</u>, 2007 WL at *5 ("The Eleventh Amendment bars suits against a state or its agencies, regardless of the type of relief sought, absent consent by the state or abrogation of immunity by congressional action."). Claims barred by Eleventh Amendment immunity must be dismissed. <u>Romano v. Bible</u>, 169 F.3d 1182, 1185 (9th Cir. 1999). Plaintiffs' claims are based on the actions of the Division in

providing child protection services as an agent of the state of Colorado.

In Colorado, a county department of social services acts on behalf of the state in child protection matters. Pierce v. Delta County Dept. of Social Serv., 119 F. Supp.2d 1139, 1148 (D. Colo. 2000); Wigger v. McKee, 809 P.2d 999, 1002-04 (Colo. App. 1990) (similar holding). As discussed in Wigger, under Colorado statute, a county department of social services acts as an agent of the state of Colorado. Colo. Rev. Stat. § 26-1-118; Wigger, 809 P.2d at 1004. "Consistent with this statutory language, [Colorado] appellate courts have held that the county departments of social services are 'functional divisions of the State Department of Social Services for the convenient administration of the state program and are not independent entities separate and distinct from the state.'" Wigger, 809 P.2d at 1004, citing Nadeau v. Merit Sys. Council, 545 P.2d 1061 (Colo. App. 1974) and Martin v. District Court, 550 P.2d 864 (Colo. App. 1976). Colorado courts have recognized that, under Colorado law, eighty percent of the funding for county departments of social services comes from the state of Colorado, and therefore, a county department would look to the state treasury to satisfy any judgment against it. Wigger, 809 P.2d at 1004. *See also* Colo. Rev. Stat.§ 26-1-122(1).

Federal district courts have dismissed section 1983 claims in similar contexts, holding that a Colorado county department of social services acts as the arm of the state. *See* Pierce, 119 F. Supp.2d at 1148; Oyler v. City and County of Denver, 1990 WL 134485, *2-3 (D. Colo. 1990) (county department of social services immune because it acted as agent of state in administering state welfare programs and received 80 percent of its funding from the state). Because Plaintiff's section 1983 claims against the County's Division of Human Services are claims for damages against the state, plaintiff's claims are barred by the Eleventh Amendment.

4.     The Colorado Governmental Immunity Act bars Plaintiff's state law tort claims

Pursuant to Colo. Rev. Stat. § 24-10-106, the Colorado Governmental Immunity Act (the "CGIA") provides that, with certain exceptions (none of which are alleged here), "a public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the

claimant…." Similarly, Colo. Rev. Stat. § 24-10-108 reiterates (again with certain exceptions that the Plaintiff has not pled here) that "sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant." The CGIA creates a jurisdictional bar to all tort claims against public entities. Trinity Broadcasting v. Westminster, 848 P.2d 916, 923 (Colo. 1993). "[A] question involving sovereign immunity under the GIA is an issue of subject matter jurisdiction for the trial court's determination pursuant to C.R.C.P. 12(b)(1)." Yonker by and through Helstrom v. Thompson, 939 P.2d 530, 534 (Colo. App. 1997). *Accord* Quintana v. City of Westminster, 56 P.3d 1193, 1196 (Colo. App. 2002). The burden is on the Plaintiff to prove subject matter jurisdiction under the CGIA. Padilla ex. rel. Padilla v. School Dist. No. 1, 1 P.3d 256 (Colo. App.1999) *aff'd*, 25 P.3d 1176 (Colo. 2001); Quintana, 56 P.3d at 1196.

The form or title given to any particular claim is not dispositive as to whether the claim is founded in tort. "Rather, the dispositive question is whether the claim is a tort claim or could be a tort claim for purposes of the GIA. In barring not only tort claims, but also claims which could lie in tort, the GIA mandates close examination of the pleadings and undisputed evidence." Patzer v. City of Loveland, 80 P.3d 908, 910 (Colo. App. 2003) (citations omitted). Here, Plaintiff asserts several state law tort claims against the County, which are barred by the CGIA. Specifically, Plaintiff's charge for violation of the laws of truth and justice, charge alleging a psychological attack against the Plaintiff by the County, and charge for invasion of privacy all sound in tort, and, therefore, would be barred by the Colorado Governmental Immunity Act. [3]

### III. CONCLUSION

The Complaint filed by the Plaintiff relates entirely to an on-going child custody action currently pending in the Colorado state court system. Given that all of the activities related to the state court lawsuit have occurred in Colorado and that the County has no meaningful

---

3. To the extent the Plaintiff is asserting any additional tort claims which are not readily apparent in his propria persona Complaint, those claims too would be barred by the CGIA.

contacts in California, personal jurisdiction is lacking and this case must be dismissed. Moreover, subject matter jurisdiction is similarly deficient as it is barred by the domestic relations exception, Younger abstention, and by Eleventh Amendment immunity. Accordingly, this matter should be dismissed as a matter of law.

WHEREFORE, the County respectfully requests that this Court dismiss the Complaint filed by Mr. Andrews in its entirety and award the County its costs in defending against this action.

Dated this 29th day of August, 2007.

JEFFERSON COUNTY ATTORNEY'S OFFICE
Ellen G. Wakeman, Deputy County Attorney

By: /s/ Writer Mott
Writer Mott
Assistant County Attorney
100 Jefferson County Parkway, Ste. 5500
Golden, Colorado 80149
303-271-8932; Email: wmott@jeffco.us

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: /s/ Michael C. Serverian
Michael C. Serverian, (SBN 133203)
96 North Third Street, Ste. 500
San Jose, California 95112
(408) 293-9514; Email: mserverian@rllss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2007, I filed the foregoing **DEFENDANT JEFFERSON COUNTY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), 12(b)(2) and 12(b)(5)** via the U.S. District Court, Northern District, California's ECF Filing System, and I sent a true and correct copy via U.S. Mail, postage prepaid and addressed to the following:

William D. Andrews
932 College Drive
San Jose, CA  95128

/s/ Lori Hill
Lori Hill