*E-FILED 10/16/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM D. ANDREWS, | Case No. C07-02918 HRL |
| Plaintiff, | **ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL** |
| v. | |
| JEFFERSON COUNTY COLORADO DEPARTMENT OF HUMAN SERVICES DIVISION OF CHILDREN, YOUTH AND FAMILIES, | [Re: Docket Nos. 19, 22] |
| Defendant. | |

Pro se plaintiff, William Andrews, sues defendant Jefferson County, Colorado Department of Human Services, Division of Children, Youth & Families ("County") for immediate custody of his children. He also requests that the court appoint counsel for him. The County moves to dismiss the action. Although defendant's motion papers were duly served on plaintiff at his address of record, plaintiff failed to file an opposition and did not appear at the motion hearing. Upon consideration of the moving papers, as well as the arguments presented at the October 16, 2007 motion hearing, this court GRANTS the County's motion to dismiss and DENIES AS MOOT plaintiff's motion for the appointment of counsel.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

## I.  BACKGROUND

This case arises from a child custody dispute currently pending in Colorado state court.[2] According to plaintiff, the County besmirched his character in an effort to keep him away from his children.  In essence, he claims that the County has denied his "fundamental and constitutional right to the custody of [his] children." (Complaint at 5).  He filed the instant action, seeking "immediate emergency return of my children to my custody," as well as "appropriate remuneration to my children and myself for denial and suppression of our family rights." (*See id*. at 17).  Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), the County now moves to dismiss the action.  It contends that this court lacks subject matter jurisdiction and personal jurisdiction.  The County further argues that it is immune from suit under the Eleventh Amendment.

## II.  LEGAL STANDARD

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted); *see also Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears").

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "'In

---

[2] Pursuant to Fed.R.Evid. 201, this court takes judicial notice of the papers on file with the Colorado state court in the underlying custody proceedings, *People v. Andrews*, District Court, Jefferson County, Colorado, No. 04JV1269, that have been submitted by defendant in support of its motion to dismiss. (*See* Mot. to Dismiss, Ex. A-1).  Notice is taken, not as to the truth of the matters asserted in that action or those documents, but to establish the fact of those ongoing proceedings.

2

a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial attack, all material allegations of the complaint are presumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Id*. When a moving party raises a factual challenge by presenting affidavits and other evidence, the party opposing the motion must present affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id.*

### III.  DISCUSSION

In this case, defendant argues that the allegations of plaintiff's complaint are insufficient on their face to establish subject matter jurisdiction. Thus, whether subject matter jurisdiction exists depends, not on the resolution of a factual dispute, but upon an examination of the allegations in plaintiff's complaint.

At their core, plaintiff's claims present a child custody dispute. They are, therefore, barred by the domestic relations exception to federal subject matter jurisdiction. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). In the Ninth Circuit, courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (same). "For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter." *Peterson*, 708 F.2d at 466. As explained by the Ninth Circuit:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate. True enough, the domestic relations exception has been narrowly

> confined. It is only in those cases most closely resembling historical ecclesiastical actions that have been considered absolutely outside the federal court jurisdiction. *These cases consist of those where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of children. There is no subject matter jurisdiction over these types of domestic disputes.*

*Id.* (emphasis added and citations omitted).

Here, plaintiff essentially seeks to have this court award him custody of his children. This court finds that it has no authority to do so and, further, that the jurisdictional deficiencies in plaintiff's complaint cannot be resolved by amendment. Even assuming jurisdiction properly was vested in this court, abstention would be appropriate in view of the ongoing child custody proceedings in Colorado. If plaintiff's constitutional claims have independent merit, the state court in Colorado is competent to hear them. *See Coats*, 819 F.2d at 237; *Peterson*, 708 F.2d at 466.

Because it concludes that it lacks jurisdiction over plaintiff's claims (or that abstention would be appropriate in any event), this court does not find it necessary to reach defendant's other asserted grounds for dismissal.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT defendant's motion is granted and the complaint is dismissed without leave to amend. Plaintiff's motion for the appointment of counsel is denied as moot. The Clerk of the Court shall enter judgment and close the file.

Dated: October 16, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:07-cv-2918 Notice electronically mailed to:**

Michael C. Serverian   mserverian@rllss.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:07-cv-2918 Notice mailed to:**

William Andrews
932 College Drive
San Jose, CA 95128

5